NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

LUITGEN KOOIMA, PETITIONER, v. FUCHS & THOMSON,
RESPONDENT.

For the petitioner, *Pearlman & Pearlman.*

For the respondent, *Crawford Jamieson.*

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

The petitioner claimed that while employed by the respondent company as a helper to pattern makers he bumped his head against a partition. The petitioner testified that he continued work from the date of the alleged accident on January 24th, 1928, until March 17th, 1928, for the same company. He testified further that he could work no longer because he had headaches and dizzy spells. The petitioner testified that a member of the respondent firm, Mr. Fuchs, witnessed the accident but that aside from that, no further notice or complaint of an accident was made to the respondent company. No medical attention was requested. The petitioner testified that he was sixty-seven years of age.

Dr. D. A. Introcasso was called by the petitioner and he testified that he saw the petitioner for treatment about six times, beginning the last week in February, 1928. He further testified that from the history of previous good health prior to receiving a blow on the head he concluded that the present complaints of headaches and dizziness were caused by a cerebral concussion.

Mr. Fuchs, a partner in the respondent company, testified on behalf of the respondent that he had never seen the peti-

tioner bump his head and had no knowledge of the petitioner having received an injury while in his employ until a petition for compensation was served on him. He further testified that the petitioner was laid off on March 17th because of lack of work. Mr. Fuchs also said that the petitioner complained of his present condition of dimness of vision in 1925 and that as a result of his complaints the company purchased eye glasses for Mr. Kooima.

Mr. Edwin K. Ivins, who investigated this matter for the respondent company, testified that Dr. Introcasso had told him that he first treated the petitioner on May 15h, 1928, and saw him only two or three times thereafter.

Dr. Andrew C. Ruoff was called by the respondent and stated that in his opinion the man's present subjective symptoms were caused by a chronic systemic condition and not by a trauma. Dr. Ruoff further testified that the petitioner's alleged condition could not have resulted from a possible cerebral concussion that was so slight that the injured party could continue work for seven weeks thereafter.

After reviewing the evidence I find that the petitioner did not prove an accident arising out of and in the course of his employment and I further find that the injury complained of was not the result of an accident.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

CHARLES E. CORBIN,
*Deputy Commissioner.*